UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRED MURABITO,<br><br>    Plaintiff,<br><br>v.<br><br>STERICYCLE, INC., et al.,<br><br>    Defendants. | Case No. 5:14-cv-04771-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 30 |

Plaintiff Fred Murabito ("Plaintiff") filed the instant lawsuit in Santa Clara County Superior Court against Defendants Stericycle, Inc. ("Stericycle"), Stericycle Specialty ("Stericycle Specialty") Waste Solutions, Inc., Strongpak, All Chemical Disposal, Inc. ("All-Chem"), and John Simpson for wrongful termination, breach of contract, infliction of emotional distress and related causes of action. According to the Complaint, Plaintiff is the former President and Chief Executive Officer of All-Chem. He took a general management position at Stericycle when it acquired All-Chem in 2009, but was ultimately terminated from that position in 2012. Plaintiff alleges that his termination was wrongful, retaliatory, and in breach of several representations made to him by Stericycle.

Stericycle, Stericycle Specialty and Simpson removed the case to this court on October 27, 2014, claiming federal jurisdiction on the basis of diversity. Plaintiff now moves to remand. See Docket Item No. 30. Stericycle and Stericycle Specialty (collectively, the "Stericycle

Defendants") oppose. See Docket Item No. 31.

The court found this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). The Stericycle Defendants have not satisfied their burden to demonstrate the existence of federal jurisdiction. Accordingly, Plaintiff's motion will be granted and this case will be remanded for the reasons explained below.

## I.  LEGAL STANDARD

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

## II.  DISCUSSION

The court will first address relevant undisputed points. The parties agree that Plaintiff is a resident of California. See Am. Compl., Docket Item No. 28, at ¶ 4; see also Answer, Docket Item

2
Case No.: 5:14-cv-04771-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

No. 29, at ¶ 4. There is also no dispute that All-Chem was a California corporation with its principal place of business in this state. See Am. Compl., at ¶ 3. In addition, the parties agree that, at least on a conceptual level, a dissolved corporation like All-Chem continues to exist "for the purpose of . . . prosecuting and defending actions by or against it." Cal. Corp. Code § 2010(a). Thus, on the face of the pleading, this action was not removable because Plaintiff did not raise a federal question in the Complaint, and California domiciles appear on both sides.

The Stericycle Defendants make two arguments in response to the presumption that this court lacks jurisdiction. First, they argue that All-Chem's domicile should be disregarded because it is a nominal party. Second, they contend that All-Chem is a "sham" defendant. These arguments are unpersuasive.

**A. Nominal Party**

When examining for the existence diversity jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). Nominal parties are those "with nothing at stake . . . despite the propriety of their technical joinder." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002).

Here, the Stericycle Defendants argue that All-Chem is a nominal party because all of its stock was acquired by Stericycle on December 31, 2008, and then transferred to Stericycle Specialty. They also point out that all of All-Chem's liabilities were transferred to Stericycle, that All-Chem was dissolved in 2012, and that it no longer has any assets or insurance. Accordingly, the Stericycle Defendants maintain that any judgment obtained by Plaintiff could not be enforced against All-Chem, rendering it a party with nothing at stake or "technically joined."

While the Stericycle Defendants' argument is appealing on a logical level, the court must nonetheless reject it because it conflicts with the spirit of the California Corporations Code, which treats dissolved corporations as anything but nominal. Indeed, the relevant statutes embody a departure from how corporate dissolution was treated at common law, where "the dissolution of a corporation was treated like the death of a natural person: Once it had dissolved, a corporation

ceased to exist and could not sue or be sued, any actions pending against it abated." Penasquitos, Inc. v. Super. Ct., 53 Cal. 3d 1180, 1184 (1991).  California has abandoned that rule, such that "the effect of dissolution is not so much a change in the corporation's status as a change in its permitted scope of activity." Id. at 1190.  Now, a dissolved corporation continues to exist for many purposes, including for participation in litigation.  See Cal. Corp. Code § 2010(a).

The Corporations Code also reveals that the distribution of All-Chem's assets and liabilities does not necessarily mean it has nothing at stake in this litigation.  Since "[t]he shareholders of a dissolved corporation do not cease to exist as shareholders, nor do they lose all interest in, or responsibility for, the affairs of the corporation upon dissolution," Corporations Code § 2011(a)(1) provides that causes of action against a dissolved corporation may be enforced not only against undistributed and insurance assets, but also against those shareholders that have received distributions of corporate assets.  Favila v. Katten Muchin Rosenman LLP, 188 Cal. App. 4th 189, 213 (2010).  Thus, under that scenario, "shareholders of the dissolved corporation may be sued in the corporate name of the corporation upon any cause of action against the corporation" as a matter of procedure and not for purposes of determining liability.  Cal. Corp. Code § 2011(a)(3).

As the Corporations Code makes clear, All-Chem and its shareholders still exist for the presentation and enforcement of claims.  The primary authority cited by the Stericycle Defendants, Strotek Corporation v. Air Transport Association of America, 300 F.3d 1129 (9th Cir. 2002), is factually distinguishable, applies the law of a different state, and does not compel another conclusion.  Because the applicable of California law does not classify dissolved corporations as nominal for the purposes of defending against a lawsuit, the court will not treat All-Chem as such a party to be disregarded for the purposes of diversity jurisdiction.

### B. Sham Defendant

The Stericycle Defendants contend that, if not nominal, then All-Chem was a fraudulently-joined or "sham" defendant.  Under the "fraudulent joinder" doctrine, a defendant may remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant.  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  "If the

4
Case No.: 5:14-cv-04771-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). In such a case, the "sham" defendant is disregarded for jurisdictional purposes. Id.

Proving that a party was joined solely to defeat diversity jurisdiction is not easy, however. A fraudulent joinder "must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). "[A]ll disputed questions of fact and all ambiguities in the controlling state law are [to be] resolved in plaintiff's favor." Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). If after doing so, "there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must remand." Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002).

Furthermore, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Id. (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 U.S. Dist. LEXIS 52437, at *4, 2006 WL 2038040 (N.D. Cal. Jul. 19, 2006)).

The Stericycle Defendants have not satisfied their heavy burden to show by clear and convincing evidence that All-Chem was fraudulently joined. As their opposition indicates, "defendants must show that plaintiff cannot assert a claim against the non-diverse party as a matter of law." Ontiveros v. Michaels Stores, Inc., No. CV 12-09437 MMM FMOX, 2013 U.S. Dist. LEXIS 310362013, at *14, 2013 WL 815975 (C.D. Cal. Mar. 5, 2013). Most of the Stericycle Defendants' arguments, however, focus on a different issue; namely, whether there are sufficient facts alleged in the Complaint to state a claim against All-Chem. While insufficiency of facts may require dismissal with leave to amend, it does not mean there is no legal basis upon which to sue

5
Case No.: 5:14-cv-04771-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1  All-Chem.  In fact, as already explained, California law permits Plaintiff to assert claims against
2  All-Chem, even though it is a dissolved corporation.
3       The court therefore concludes there is a "non-fanciful" possibility that Plaintiff can state a
4  claim against All-Chem.  As a result, All-Chem is not excluded from the jurisdictional analysis as
5  either a nominal or fraudulently joined party, and this court lacks subject matter jurisdiction over
6  the case.  Plaintiff's motion to remand must be granted.

### C. Attorney Fees and Costs

Plaintiff requests an award of fees pursuant to 28 U.S.C. § 1447(c).  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Since "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources," requiring the payment of fees and costs is appropriate where "the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005).  The Ninth Circuit has explained that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  Lussier v. Dollar Tree Stores, Inc., 518 F. 3d 1062, 1065 (9th Cir. 2008).  Instead, the objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal.  Id. at 1066-67.

Here, the court does not find the applicable law so clear as to foreclose the removal.  As noted, the Stericycle Defendants' presented a logical argument in support of the removal, and resolution of the jurisdictional question ultimately required a nuanced review of the California Corporations Code.  This is not a removal that was "clearly foreclosed" by the law.  Thus, the request for fees is denied.

### III. ORDER

Based on the foregoing, Plaintiff's Motion to Remand (Docket Item No. 30) is GRANTED.

1   The Clerk shall remand this action to Santa Clara County Superior Court.  All other
2 matters are VACATED and the Clerk shall close this file.

4   **IT IS SO ORDERED.**

5 Dated:  March 10, 2015



EDWARD J. DAVILA
United States District Judge